the plaintiff's intestate was at work upon it, causing his death, and the Court of Appeals reversed the judgment of the General Term which affirmed a nonsuit. The court say at page 128, 56 N. Y., 15 Am. Rep. 387:

"It is evident from the nature and position of the structure that death or great bodily harm to those persons would be the natural and almost inevitable consequence of negligently constructing it of defective material or insufficient strength. It was clearly the duty of the defendant and its agents to avoid that danger by the exercise of proper care. This duty was independent of the obligation created by the contract. If neglected, it would be no answer to the action to say that the defendant was also guilty of a breach of its contract; nor would it be any better answer to say that by the terms of the contract it was permitted so to construct the scaffold as to imperil the lives of the workmen."

See, also, Devlin v. Smith, 89 N. Y. 470–477, et seq., 42 Am. Rep. 311; Hannigan v. Union Warehouse Company, 3 App. Div. 618, 38 N. Y. Supp. 272, affirmed 157 N. Y. 711, 53 N. E. 1125.

It is also to be noted that the death of the plaintiff's intestate was the natural and probable result following the parting of the rope and the consequent falling of the block. The injuries were not unexpected, but were to be anticipated readily, and it was incumbent upon the defendant to protect the men against an accident which it could easily prevent. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur, except McLENNAN, P. J., and STOVER, J., who dissent.

---

(89 App. Div. 593.)

FAIST v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. TRIAL—READINESS—RULES—COMPELLING TRIAL—ABSENCE OF WITNESS.
     Rule 7, Special Rules for Trial Term, requires that a case shall be tried when it appears on the day calendar, unless it appears that, in consequence of the happening of an event since the case was set down for trial, the trial cannot, with justice to one of the parties, proceed. *Held*, that where, when a cause was reached, defendant showed that a material witness was beyond the jurisdiction of the court, and that when notified that his presence was needed he did not at once respond, as he had promised to, and a short adjournment was asked, to which plaintiff was willing to assent, it was error to order an inquest and enter judgment against defendant.

Appeal from Special Term, New York County.

Action by Gregor Faist against the Metropolitan Street Railway Company. From an order denying defendant's motion to open a default judgment against it, taken on an inquest, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Herman M. Schaap, for respondent.

PER CURIAM. The imposition of what in effect is a fine of $10,000 is a severe penalty for failure to proceed with the trial of the case when reached, and can only be sustained if the defendant was without excuse.

The defendant relied upon the promise of a material witness to attend at the trial, and, such witness being without the jurisdiction of the court, his attendance could not be enforced by subpœna. That every effort was seasonably made to bring him from St. Louis, agreeably to his promise, was made to appear, as was the fact that, on the day that the default was taken, the witness was on his way to attend the trial. Rule 7 of the Special Rules for the Regulation of Trial Terms requires that a case, when it appears upon the day calendar, shall be tried, "unless it appears * * * that in consequence of the happening of an event since the case was set down for trial, the trial can not with justice to one of the parties proceed." Although the defendant did not bring itself strictly within the letter, it did within the spirit, of the rule, by furnishing proof that the absent witness, when seasonably notified, did not, according to promise, immediately respond; and, to obtain his presence, a short adjournment was asked, to which the plaintiff was willing to assent. Upon these facts we think it would be a harsh enforcement of the rule to mulct the defendant in the sum of $10,000.

The order is accordingly reversed, upon condition that the defendant pay the taxable costs, including a trial fee and the disbursements of the trial, and that the case be put back on the call calendar, and set down for trial at such time as the justice holding that term shall direct. No costs on this appeal.